**Electronically Filed**
**Intermediate Court of Appeals**
**30712**
**25-JAN-2012**
**08:34 AM**

NO. 30712

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HENRY MOISA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1000)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant Henry Moisa (Moisa) appeals from Judgment of Conviction and Sentence (Judgment) filed August 4, 2010 in the Circuit Court of the First Circuit[1] (circuit court). A jury found Moisa guilty of three counts of Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(c) (Supp. 2010).[2]

---

[1]  The Honorable Glenn J. Kim presided.

[2]  HRS § 707-730(1)(c) provides:

§707-730  **Sexual assault in the first degree.**  (1)  A person commits the offense of sexual assault in the first degree if:
. . . .

(c)  The person knowingly engages in sexual penetration with a person who is at least fourteen years old but less than sixteen years old; provided that:

(i)  The person is not less than five years older than the minor; and

(ii)  The person is not legally married to the minor[.]

On appeal, Moisa contends the circuit court erred

(1)   in not granting his August 13, 2008 Motion for Bill of Particulars or in the Alternative, Motion to Dismiss (Motion for Bill of Particulars);

(2)   when it denied his November 17, 2008 Motion in Limine No. 2 regarding the introduction of pornographic materials into evidence, but allowed testimony at trial about the materials, testimony he claims violated Hawaii Rules of Evidence (HRE) Rules 403, 404, 404(b), and 611;

(3)   by allowing Dr. Alexander Bivens (Dr. Bivens) and Dr. Guliz Erdem (Dr. Erdem) to testify at trial, which amounted to improper vouching;

(4)   in refusing to allow him to cross-examine and to present evidence of prior psychological and psychiatric history of Complaining Witness (CW) and precluding evidence from CW's father that CW had made prior sex abuse allegations;

(5)   in not granting his May 21, 2010 Motion for Judgment of Acquittal, or in the Alternative, a New Trial (Motion for Judgment of Acquittal) when the evidence was insufficient to establish guilt;

(6)   by refusing to give a jury instruction on alibi defense and by not giving an Arceo[3] unanimity instruction before the jury began deliberations;

(7)   in denying his August 10, 2010 Motion to Dismiss Due to Constitutional Errors and Rule 16 Violations or for New Trial (Motion to Dismiss or for New Trial) after it was revealed that his constitutional right to pretrial discovery had been violated; and

(8)   in not sufficiently deleting prejudicial unproven allegations against him in the Presentence Report.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[3]   State v. Arceo, 84 Hawai'i 1, 928 P.2d 843 (1996).

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Moisa's points of error as follows:

(1) The circuit court did not err when it denied Moisa a bill of particulars requiring the State of Hawai'i (the State) to provide specific dates when the alleged sexual assaults occurred. In general, where time is not of the essence in the elements of the offense, "the precise time and date of the commission of an offense is not regarded as a material element." Arceo, 84 Hawai'i at 13, 928 P.2d at 855. The precise date and time of an alleged sexual assault of a minor "are not elements of the offense and are unnecessary to sustain a conviction." Id. (quoting People v. Jones, 792 P.2d 643, 655 (Cal. 1990)). "Hawaii has long recognized that, in cases involving sexual abuse of minors, it is sufficient, in the indictment, to allege that the offense occurred over a particular time span[.]". State v. Sherman, 70 Haw. 334, 339, 770 P.2d 789, 792 (1989). The general time frame of May 31, 2007 through May 5, 2008 stated in the indictment was sufficient, and the circuit court did not abuse its discretion when it did not grant a bill of particulars.

(2) The circuit court did not err when it ruled that if CW testified about pornographic materials and Moisa took the stand, the State could ask Moisa on cross-examination "whether he possessed such material during the relevant time period." The circuit court granted Moisa's Motion in Limine No. 2 to prohibit the State from introducing into evidence pornographic DVDs and magazines found in Moisa's home. However, the circuit court ruled that if CW talked about the pornographic materials, then the State could cross-examine Moisa about "whether he possessed such material during the relevant time period."

In determining whether relevant evidence is admissible under HRE Rule 403, the trial court must maintain "the delicate balance between probative value and prejudicial effect." Kaeo v. Davis, 68 Haw. 447, 454, 719 P.2d 387, 392 (1986) (internal

3

quotation marks and citations omitted). CW testified that there were pornographic magazines in Moisa's truck and he watched pornographic videos in Moisa's house. Moisa took the stand and on cross-examination the State asked Moisa about pornography -- what it is, who can buy it -- and whether he had pornographic materials in his truck and his house. Because this case turned on the credibility of the parties, the circuit court did not abuse its discretion when it allowed Moisa to be questioned about the materials CW testified Moisa possessed.

(3) The circuit court did not err in admitting the testimonies of expert witnesses Dr. Bivens and Dr. Erdem. Their testimonies did not represent improper vouching.

HRE Rule 702 provides in part:

> **Rule 702 Testimony by experts.** If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

With respect to expert testimony, the critical inquiry is "whether it will assist the trier of fact to understand the evidence or determine a fact in issue." State v. Castro, 69 Haw 633, 647, 756 P.2d 1033, 1043 (1988) (internal quotation marks, citation, and brackets omitted). An expert witness provides "knowledge not possessed by the average trier of fact." State v. Batangan, 71 Haw. 552, 556, 799 P.2d 48, 51 (1990). Expert testimony must be based "upon a sound factual foundation; any inferences or opinions are the product of an explicable and reliable system of analysis; and the opinions add to the common understanding of the jury." Castro, 69 Haw. at 647, 756 P.2d at 1043 (internal quotation marks, citation, brackets, and ellipsis omitted).

Dr. Bivens testified "as an expert in clinical psychology with a speciality of dynamics in child sex abuse." Dr. Bivens discussed studies and research relating to child sexual molestation. Moisa cites to no evidence that Dr. Bivens

4

offered an opinion regarding CW or that Dr. Bivens' testimony served to improperly bolster CW's credibility.

The circuit court also did not err when it determined that a possible improper statement made by a second expert witness, Dr. Erdem, could be cured by an instruction to the jury to strike the statement. State v. Webster, 94 Hawai'i 241, 248, 11 P.3d 466, 473 (2000) (it is within the trial court's discretion to determine whether an improper statement can be cured by a jury instruction).

Without waiting for an objection from Moisa to the State's witness's potentially improper statement, the circuit court timely struck Dr. Erdem's statement and issued an instruction to the jury to disregard the statement. "A jury is presumed to follow the court's instructions." Id. Furthermore, Moisa is precluded from now objecting to an alleged error or its cure when he did not object at trial. HRS § 641-16 (1993); State v. Matias, 57 Haw. 96, 101, 550 P.2d 900, 903-04 (1976).

(4) The circuit court did not err when it precluded evidence of CW's prior accusations of sexual assault and prior therapy related to the alleged sexual assaults, evidence which Moisa contended was relevant to challenge CW's credibility.

Moisa failed to meet his burden to show by a preponderance of the evidence that CW's statements regarding the unrelated sexual assault allegations were false. State v. West, 95 Hawai'i 452, 461, 24 P.3d 648, 657 (2001).

Hawai'i's rape shield statute generally precludes a defendant from introducing evidence of an alleged victim's past sexual behavior. HRE Rule 412(b) (Supp. 2010). However, "evidence of false statements of unrelated sex assaults are not excluded by the rape shield statute because they are not evidence of sexual conduct." West, 95 Hawai'i at 458, 24 P.3d at 654. "Under HRE Rule 608(b), evidence of specific acts, if probative of truthfulness, may be introduced for the purposes of attacking the credibility of a witness." West, 95 Hawai'i at 458, 24 P.3d

5

at 654 (emphasis added). Before statements made by CW regarding an unrelated sexual assault may be introduced, "the trial court must make a preliminary determination based on a preponderance of the evidence that the statements are false." Id. at 460, 24 P.3d at 656. When asked for her offer of proof that the prior allegations were false, Moisa's counsel responded, "actually, I'm not going to say that they were false." Moisa did not meet the standard of proof for the circuit court to admit the evidence of CW's prior allegations.

Moisa misstates the rulings of the circuit court when he argues that the circuit court violated his constitutional rights when it "did not allow cross examination on specific reasons for prior psychological treatment." The circuit court ruled it would allow defense counsel to ask CW the following question: "Isn't it true that until the present you . . . received psychotherapy from four different doctors for a variety of reasons." The circuit court also stated that defense counsel could ask CW the reasons he was in therapy. Defense counsel asked CW to confirm that he had been in therapy from 1998 until 2006, but did not ask CW why he had been in therapy -- even though the circuit court had allowed that question.

The circuit court also stated that it would probably allow Moisa to question CW's mother about CW's eight years of treatment by psychologists, depending on whether CW's mother opened the door. On direct, Moisa did not ask CW's mother any questions about therapy. Based on the transcripts, it is evident that the circuit court did not prevent Moisa from asking the questions he now contends he was precluded from asking.

Additionally, the circuit court also did not err in precluding CW's father's testimony because Moisa stated that he intended to have CW's father testify as to the same events that the court had already correctly precluded under West.

(5) The circuit court did not err when it denied Moisa's Motion for Judgment of Acquittal because there was substantial evidence to support his conviction.

It is settled law that "evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction." State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)).

Due deference must be given to the right of the trier of fact to "determine credibility, weigh the evidence, and draw justifiable inferences of fact from the evidence adduced." State v. Naeole, 62 Haw. 563, 565, 617 P.2d 820, 823 (1980). "[T]he factfinder may accept or reject any witness'[s] testimony in whole or in part." Lono v. State, 63 Haw. 470, 473, 629 P.2d 630, 633 (1981). The testimony of one percipient witness may constitute substantial evidence to support a conviction. Eastman, 81 Hawai'i at 141, 913 P.2d at 67.

At trial, CW provided graphic details regarding specific times when Moisa allegedly assaulted him. CW had disclosed the sexual assault to his friend, who corroborated CW's testimony at trial. Dr. Bivens provided general testimony about research on reasons why a minor would acquiesce to sexual assaults and why a minor might delay in reporting the assaults. Witnesses for the defense testified that they never saw Moisa act in a sexual way towards CW, but acknowledged they had not necessarily worked on the days CW worked. Moisa testified he never gave CW a blow job.

Giving due deference to the jury's determination of the witnesses' credibility and the weight of the evidence and in the

light most favorable to the prosecution, there was substantial evidence that Moisa committed the alleged sexual assaults.

(6) The circuit court did not err when it refused to give the jury an instruction on the alibi defense and when it did not give an Arceo unanimity instruction until after the jury had begun deliberations.

(a) Alibi Defense Jury Instruction

Moisa served notice on the circuit court that he intended to rely on an alibi defense at trial. An "alibi" defense is "an attempt by the defendant to demonstrate he did not commit the crime because, at the time, he was in another place so far away, or in a situation preventing his doing the thing charged against him." State v. Cordeira, 68 Haw. 207, 210, 707 P.2d 373, 376 (1985) (internal quotation marks and citation omitted). At trial, Moisa merely claimed that "nothing happened." No one testified that Moisa was at another location during the time CW alleged the sexual assaults took place.

A defendant "is entitled to an instruction on every defense or theory of defense having any support in the evidence." State v. Pavao, 81 Hawai'i 142, 144, 913 P.2d 553, 555 (App. 1996) (emphasis omitted) (quoting State v. Lira, 70 Haw. 23, 29, 759 P.2d 869, 873 (1988)). Moisa did not present an alibi defense, and the circuit court did not err when it did not give an alibi defense instruction.

(b) Arceo Jury Instruction

The circuit court did not err when it did not give an Arceo instruction before the jury began deliberations. The Hawai'i Supreme Court held in Arceo:

> [W]hen separate and distinct culpable acts are subsumed within a single count charging a sexual assault -- any one of which could support a conviction thereunder -- and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, i.e., an instruction that

> advises the jury that all twelve of its members must agree
> that the same underlying criminal act has been proved beyond
> a reasonable doubt.

84 Hawai'i at 32-33, 928 P.2d at 874-75 (emphases added; footnote omitted).

Although CW testified that there had been "[m]aybe about 40, 50" blow jobs, he only testified as to four distinct alleged sexual assaults. During closing arguments, the State described each of the four alleged acts and connected each with a count. Testimony at trial focused on four specific acts, each identified in a separate count. Therefore, an Arceo instruction was not required.

However, on the second day of deliberations, the jury sent Communication No. 1, asking: "The counts give a time frame of several months. Are we to judge if something happened within the time frame or are we to judge that a specific incident occurred and occurred within that time frame." With no objection from the parties, the circuit court gave the following Arceo unanimity instruction:

> For each of the four charged counts, in order for you
> to find [Moisa] guilty you must unanimously agree that each
> of the material elements of that particular count have been
> proved beyond a reasonable doubt. As regards the conduct
> element of each count, you must unanimously agree that
> [Moisa] committed the specific act charged in that
> particular count.

Moisa points to no case law to support his contention that an instruction must be given prior to the beginning of jury deliberations in order for the instruction to be timely. State v. Miyashiro, 90 Hawai'i 489, 492, 979 P.2d 85, 88 (1999) ("[T]he circuit court's response to a jury communication is the functional equivalent of an instruction[.]"). The circuit court gave an Arceo instruction, whether or not it was needed, and only after the Arceo instruction had been given did the jury return its verdict. State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001) ("[J]urors are presumed to follow the court's instructions[.]"). The circuit court did not err when it gave an

<u>Arceo</u> instruction pursuant to a jury communication after the jury began deliberations.

(7)  The circuit court did not err when it denied Moisa's Motion to Dismiss or for New Trial pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 33, which provides:

> **Rule 33.  NEW TRIAL.**  The court on motion of a defendant may grant a new trial to him if required in the interest of justice.  If trial was by the court without a jury, the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment.  <u>A motion for a new trial shall be made within 10 days after verdict or finding of guilty or within such further time as the court may fix during the 10-day period</u>.  The finding of guilty may be entered in writing or orally on the record.

(Emphasis added.)

Moisa argues that his constitutional rights were violated because the State did not inform him that CW's mother had filed a Crime Victim Compensation Commission form.  The jury returned its verdict on May 11, 2010; Moisa's motion for a new trial was not filed until August 10, 2010 -- well past the 10-day time limit set forth in HRPP Rule 33.  Therefore, the circuit court correctly determined that Moisa's Motion to Dismiss or for New Trial was untimely.

The circuit court also correctly determined that Moisa's Motion to Dismiss or for a New Trial was inappropriate because Moisa had asked the circuit court to dismiss the Judgment pursuant to HRPP Rule 40(a)(1).  A Rule 40 petition is proper when a defendant seeks relief from a judgment of conviction on the grounds, among others, "that there is newly discovered evidence."  HRPP Rule 40(a)(1)(iv).  The circuit court correctly dismissed the motion on procedural grounds without getting to the merits of the motion, reminding defense counsel of the correct procedure for filing a Rule 40 petition.  Our conclusion is not to be construed as a bar to Moisa's right to challenge the alleged pretrial discovery violation pursuant to HRPP Rule 40.

(8)  Moisa contends the circuit court erred in not completely blacking out prejudicial unproven allegations against

10

him in the Presentence Report so that the offending passage could not be read. At a hearing on August 4, 2010, the circuit court granted Moisa's request to strike the offending passage from the Presentence Report. The circuit court drew a line through the offending passage and initialed it. On appeal, Moisa asserts the redaction was insufficient because the passage could still be read, thereby prejudicing the Hawaii Paroling Authority.

Pursuant to HRS § 706-604 (1993 & Supp. 2010), a defendant is afforded an opportunity to respond to and rebut statements in a presentence report. State v. Lessary, 83 Hawai'i 280, 284-85, 925 P.2d 1104, 1108-09 (App. 1996) (a defendant may controvert or supplement any presentence report). In the instant case, the circuit court granted Moisa's motion to strike a passage in the Presentence Report. Moisa cites to no evidence that the Hawaii Paroling Authority considered the offensive passage as a basis for the imposition of the minimum sentence, and the issue is not properly before us. Moisa is not precluded from raising this issue in an HRPP Rule 40 petition.

Therefore,

The Judgment of Conviction and Sentence filed August 4, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 25, 2012.

On the briefs:

Daphne E. Barbee
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

11